IN THE CIRCUIT COURT OF MADISON COUNTY
MADISON COUNTY
ALTON, ILLINOIS

| | | |
|---|---|---|
| **ROBERT DALE LAMON** | ) | **Cause No. 08-CH-1288** |
| | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| Plaintiff, | ) | **HEARING: 3-16-09** |
| | ) | |
| | ) | |
| | ) | |
| **DONALD E. SANDIDGE** | | |
| **AND THE CITY OF ALTON, ILLINOIS** | | |
| **Defendants** | | |

**Corruption and Racketeering**

**AFFIDAVIT**

My name is Robert Dale Lamon, I am of sound mind capable of making this affidavit and personally acquainted with the facts herein; I am the plaintiff in this instance case; demanding; the right to trial by jury; due process of law; and demand that Alton/Edwardsville; Illinois Administration and business of the court enter judgment this date ----------in favor of plaintiff. For the purpose of plaintiff's perfected appeal and states the following:

1. Defendants Attorney in concert with Madison county ;officers of the court has bared plaintiff ;from equal access to the justice system ,and due process of law :by failing or refusing to assign this instance case to the jury docket; and dismissing this case before the evidence ;material facts and points of law are examined .
2. Defendant has failed or refused to file it's answer to plaintiff cause as required by law ;and having being summoned by directions of the court to do so; and the court being duly informed ;fails or refuse to compel defendant; to comply with the rules of the court;
3. The court has intercepted defense responsibility in this litigation against defendants; for corruption and racketeering; with validation of biasness and prejudice.

4. Madison county court and chief judge in charge is duly aware of the fact that a formal complaint has been filed with Madison county court against judge Duff; as a concert player with defendant; yet judge Duff is allowed to reside over this instance case ;despite the documented conflict of interest and investigation results.

### Validation of Legal Remedies and Case Law

**A. Introduction**
1) All of the states and most local governments have criminal statutes or codes which criminalize various aspects of corruption.
2) While there is no federal statute which is aimed specifically at state and local corruption, there are three statutes which have been generally utilized by federal prosecutors to prosecute state and local officials for acts of corruption. They are the mail and wire fraud statute, the Hobbs Act, and the Racketeer Influenced and Corrupt Organizations Act ("RICO").

**B. Hobbs Act – 18 USC §1951**
1) The Hobbs Act by its express language makes it a crime to obstruct, delay, or affect commerce by robbery or extortion.
2) However, the statute by a series of judicial decisions, including a United States Supreme Court decision (*See, United States v. Evans*, 504 U.S. 255 [1992]), has been extended to cover practices best characterized as bribery. In that regard, all that has to be shown is that a public official has obtained a payment to which he was not entitled, knowing that the payment was made in return for official acts. This results in making the Hobbs Act similar to 18 USC §201 insofar as it covers bribery of a federal official. However, the statute would not cover mere receipt of gratuities, as under 18 USC §201, which is covered by the mail and wire fraud statutes.
3) While the Hobbs Act is limited to conduct that "obstructs, delays or affects interstate commerce [commerce between two or more states]," this requirement is hardly any requirement at all since all that is needed is a small or practically negligible effect.
4) A Hobbs Act violation may serve as the foundation for RICO offenses.

**C. Mail and Wire Fraud – 18 USC §§1341 (Mail), 1343 (Wire)**
1) The mail and wire fraud statutes were enacted as anti-fraud statutes, designed to combat as criminal the common law crime of larceny by trick. Even thought the

Terms do not specifically embrace corruption; they are extensively used to prosecute acts of public corruption.

**2)** For mail fraud, the prosecutor must prove only (a) a scheme to defraud, and (b) the mailing of a letter for the purpose of executing the scheme; and for wire fraud, the prosecutor must prove only (a) a scheme to defraud, and (b) the use of interstate wire communications in furtherance of the scheme. For purposes of the statute, the requisite mailing can be done through the postal service or a private carrier, and the requisite wire communications include radio transmissions, telephone calls and e-mails. Significantly, the requisite mailing or wiring need not itself contain any fraudulent information and may be entirely innocent. However, they must be shown to be at least a "step" in the scheme. (*Schmuck v. United States*, 489 U.S. 705, 712 [1989]).

**3)** With respect to the statutes' use in public corruption cases, a fraudulent scheme includes "a scheme . . . to deprive another of the intangible right of honest services." (18 USC §1346). It is this definition which makes the statutes a flexible tool for prosecutors to prosecute public corruption at the state or local level.

**4)** A typical "honest services" corruption case arises in two situations. First, "bribery" where the public official was paid for a particular decision or action, which includes a pattern of gratuities over a period of time to obtain favorable action. Secondly, "failure to disclose" a conflict of interest, resulting in personal enrichment, which encompasses circumstances where the official has an express or implied duty to inform others of the official's personal relationship to the matter at hand even though no public harm occurred or there was no misuse of office. As to the "conflict of interest" situation, the basis for its condemnation is that "[w]hen an official fails to disclose a personal interest in a matter over which he has decision-making power, the public is deprived of its right either to disinterested decision making itself or, as the case may be, to full disclosure as to the official's potential motivation behind an official act." (*United States v. Sawyer*, 85 F3d 713, 724 [1st Cir. 1966]). Notably, a person who holds no public office but participates substantially in the operation of government, *e.g.*, a political party leader, may be subject to prosecution under an "honest services" theory. (*See, United States v. Margiotta*, 688 F.2d 108 [2d Cir. 1982]).

5) While there is the need to show in a bribery case intent to give or receive something of value in return for an official act, in a failure to disclose case, the failure is itself sufficient to show the requisite intent. Moreover, there is no need to show the scheme came to fruition or caused harm.
6) A public official may be charged with a separate count for each mailing or wiring in furtherance of the charged scheme.
7) In 2002, Congress amended the statutes to allow for a maximum sentence of up to 20 years imprisonment for each violation of the statutes.
8) A violation of the statute serves as the foundation for RICO offenses.

### D. Racketeer Influenced and Corrupt Organizations Act ("RICO") – 18 USC §1962

1) In 1970, Congress passed the RICO statute as part of the Organized Crime Control Act. It was designed "to seek the eradication of organized crime by . . . establishing new penal prohibitions, and by providing enhanced sanctions and new remedies to deal with the unlawful activities of those engaged in organized crime." (*United States v. Turkette*, 452 U.S. 576, 589 [1981]).
2) §1962 has four subdivisions. Subdivisions (a) and (b) have been invoked to combat the infiltration of legitimate business by organized crime, and subdivisions (c) and (d), also designed for that organized crime purpose, have been used as a tool against corrupt public officials.
3) §1962(c) makes it unlawful for any person, which includes a public official, "employed by or associated with any enterprise engaged in, or the activities of which affect interstate or foreign commerce, to conduct or participate . . . in the conduct of such enterprise's affairs through a pattern of racketeering activity"; and §1962(d) makes it unlawful for a person to conspire to violate subdivision (c) as well as subdivisions (a) and (b).
4) The elements of a RICO violation as charged against a public official are that the official:
(a) Through the commission of two or more chargeable or indictable or punishable predicate offenses,
(i) The requisite offenses include mail or wire fraud and Hobbs Acts offenses;

(b) constituting a "pattern of racketeering",
(i) The statute requires that a pattern include

At least two acts of racketeering activity, one of which occurred after the effective date of the statute (October 15, 1970), and the last of which occurred within ten years of a prior act of racketeering activity. The Supreme Court has held that a pattern "requires the showing of a relationship between the predicates, . . . and of the threat of, continuing activity . . ." "Criminal conduct," the Court explained, "forms a pattern if it embraces criminal acts that have the same or similar purposes, results, participants, victims, or methods of commission, or otherwise are interrelated by distinguishing characteristics and are not isolated events." (*H.J. Inc. v. Northwestern Bell Tel. Co.*, 492 U.S. 229, 239-240 [1989]).
(ii) "Racketeering activity" includes conduct that is "indictable," "chargeable" or "punishable" under various state and federal criminal laws. The acts of racketeering activity are also referred to as predicate offenses, and the list incorporated into the statute covers a wide array of illegal activity, including mail and wire fraud, and Hobbs Act offenses.
(c) directly or indirectly invests in, maintains an interest in, participates in, conducts the affairs of, or acquires income used to acquire an interest in,
(d) an enterprise,
(i) An enterprise includes any individual partnership, corporation, other legal entities or group of individuals or entities associated in fact, which encompasses a government office through which the official(s) conducted the racketeering activities.
(e) The activities of which affect interstate or foreign commerce,
(i) This provision has been liberally construed so that nearly any interstate involvement would satisfy the statute.
(ii) It is difficult to conceive of a government office in the United States whose activities would not be construed as affecting interstate commerce.
5) When RICO is charged together with the crimes alleged to be the "racketeering activity" upon which the RICO charge is predicated, such as mail and wire fraud and Hobbs Act offenses, the public official faces much higher statutory penalties and the possibility of consecutive sentences.

6) RICO also provides for criminal forfeiture of any interest acquired or maintained in violation of §1962, any interest in any enterprise operated in violation

of §1962, and any property constituting, or derived form, the proceeds of racketeering activity in violation of §1962. The prosecutor may also secure pre-trial orders barring the public official from using available assets to obtain legal representation.

**7)** It must also be noted that it is well recognized that charging a public official with a RICO violation carries with it an adverse stigma that casts the official in a worse light than being a mere corrupt official, *i.e.*, the official is involved in organized crime.

**IV. CONCLUSION**

Federal prosecutors are given broad weapons to prosecute public corruption, especially with respect to state and local corruption, where the pertinent statutes empowers them to challenge almost any unlawful, questionable or unethical conduct of a public official, subject to the prosecutor's exercise of sound discretion. RICO prosecutions give prosecutors even more discretionary prosecution power.

For all reasons stated herein this affidavit; plaintiff demand due process discovery and trial by jury.

Respectfully Submitted

# CERTIFICATE OF SERVICE

I certify that the foregoing documents were filed this date 3-16-09, with the circuit court of Madison county; and sent to the following by way of regular U.S. Mail:

Pierce Law Firm
#3 Executive woods Court
Suite 200
Belleville Illinois 62226

Respectfully Submitted   this 3-16-09 day of March; two thousand and nine.

Robert Dale Lamon
1310-1312 Central Ave
Alton Illinois 62002

"AL SEAL"
K... N. MILLER
Notary Public, State of Illinois
My commission expires 11/06/2012

6of6