IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ROBERT DALE LAMON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 09-CV-879-WDS |
| ) | |
| DONALD E. SANDIDGE, ) | |
| ALAN NAPP, ) | |
| SCHREMPF LAW FIRM, ) | |
| CITY OF ALTON, ILLINOIS, and the ) | |
| ALTON POLICE DEPARTMENT, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM & ORDER

**STIEHL, District Judge:**

Before the Court is a motion to dismiss plaintiff Robert Dale Lamon's amended complaint filed by defendants Donald E. Sandidge; Alan Napp; Schrempf, Kelly, Napp & Darr, Ltd. ("Schrempf Law Firm"); the City of Alton, Illinois; and the Alton Police Department (Doc. 19). Plaintiff's original complaint made various allegations of race discrimination under 42 U.S.C. § 1983, but the Court could not discern who did what to whom and dismissed the complaint, sua sponte, for failure to state a claim (Doc. 5). Defendants now move to dismiss plaintiff's amended complaint under Federal Rules of Civil Procedure 12(b) and (c).[1] Plaintiff has not responded.

---

[1] A motion for judgment on the pleadings under Rule 12(c) is used only after the pleadings close. Fed. R. Civ. P. 12(c); *Seber v. Unger*, 881 F. Supp. 323, 325 n.2 (N.D. Ill. 1996). *Before* the pleadings close, such as here where no answer has been filed, courts commonly construe a motion under Rule 12(c) as one under Rule 12(b)(6). The standard of review is the same. *Seber*, 881 F. Supp. at 325 n.2; *see Forseth v. Vill. of Sussex*, 199 F.3d 363, 368 n.6 (7th Cir. 2000) (treating motion under 12(b)(6) as one under 12(c)).

I. BACKGROUND

**Previous Lawsuits**

Plaintiff Robert Dale Lamon filed a previous lawsuit against the defendants Donald E. Sandidge, the City of Alton, and the Alton Police Department in this Court in 2005 (Case No. 05-CV-745). Among other things, he alleged that Sandidge, as the mayor of Alton, allowed the Alton police to arrest him without probable cause for operating a business without a license. Sandidge also allegedly allowed employees of the City to harass plaintiff. The Court dismissed the complaint, sua sponte, for failure to state a federal claim (Doc. 3, 05-CV-00745). On appeal, the Court of Appeals for the Seventh Circuit vacated this Court's dismissal in part and remanded, finding that plaintiff had stated a claim against Sandidge and the City for allegedly authorizing the police to arrest plaintiff without probable cause. *See Lamon v. Sandidge*, 232 Fed. App'x 592, 594 (7th Cir. 2007). On remand, this Court dismissed plaintiff's action for want of prosecution (Doc. 23, Case No. 05-CV-745). His appeal was dismissed for lack of jurisdiction (Doc. 28, 05-CV-745).[2]

Plaintiff next sued Sandidge and the City of Alton in the Circuit Court of the Third Judicial Circuit, Madison County, Illinois, in 2008, case no. 08-CH-1288 (Doc. 19, Ex. A). There he alleged corruption, dishonesty, conspiracy, having been denied a business license, and wrongful arrest and detention in 2005 (*id.*, pp. 2–3). The court granted defendants' motion to dismiss, allowed plaintiff to amend his complaint (Doc. 19, Ex. D), yet ultimately dismissed the amended complaint with prejudice (Doc. 19, Ex. E).

**The Current Lawsuit**

When plaintiff filed his original complaint in this action, the Court dismissed it, sua sponte, for failure to state a claim (Doc. 5). In doing so, the Court instructed plaintiff that his 2005 lawsuit

---

[2] Plaintiff had filed his notice of appeal over three months late and, after that, did not respond to court orders.

had been dismissed for want of prosecution and this one could not be a do-over. Further, plaintiff had not established a basis for supporting any claims under 42 U.S.C. § 1983. The Court gave plaintiff 20 days to amend his complaint and ordered that the amended complaint "shall more clearly set forth dates and actions of the respective defendants, including how their actions violated [plaintiff's] rights" (Doc. 5).

In his amended complaint now before the Court, plaintiff alleges violations of due process and equal protection under the Fourteenth Amendment (Doc. 6). He states he is a qualified member of a protected group, and a "team of white men" has discriminated against him. He seeks compensatory and punitive damages, as well as injunctive relief, and demands a jury trial.

Plaintiff asserts that defendant Alan Napp, an attorney,[3] committed fraud on the court when he obtained three judgments against plaintiff on November 7, 2008, in the Circuit Court of the Third Judicial Circuit, Madison County, Illinois, case nos. 04-OV-100533, 04-OV-100534, 05-OV-101079 (Doc. 6, Ex. 1, p. 16). Plaintiff attaches a letter he wrote to the Illinois Attorney Registration and Disciplinary Commission accusing Napp of "prosecutorial misconduct" and claiming Napp's fraud on the court consisted of "egregious conduct that undermined the integrity of the judicial process."[4] He says these are the same charges that were dismissed by the Court before, including one for operating without a city license. Plaintiff says the notice "was constructed to follow a string of docket calls," after which Napp allegedly entered one of the judgments against plaintiff without a court date or hearing. James Schrempf of the Schrempf Law Firm, Napp's employer, testified in the circuit court that he was letting Napp handle the matter. Schrempf's testimony, plaintiff alleges, validated Napp's intent to commit fraud on the court. Plaintiff goes on to say he is seeking injunctive relief and that he has demonstrated "over and over again" that he has no adequate remedy at law. He

---

[3] The order from the Circuit Court of the Third Judicial Circuit says Napp is the City's attorney (Doc. 6, Ex. 1, p. 16).

[4] He cites *Stone v. Stone*, 647 P.2d 582, 586 n.7 (Alaska 1982).

claims he was "convicted" on March 25, 2009, by Judge Grounds. He adds, however, that he has never been convicted of any charges referenced in this matter "but the court is imposing punishment upon [him] as if the legated [*sic*] charges were convictions" (Doc. 6, p. 2). The court order attached to his amended complaint actually *vacates* the three judgments against him, on March 25, 2009. It says the court did not have the authority to enter the previous orders against plaintiff, which were entered in his absence, in light of his demand for a jury trial and having paid the appropriate fee (Doc. 6, Ex. 1, p. 16). The court directed each case to be docketed on the next available jury docket.

Plaintiff alleges that the Alton police arrested him without probable cause for operating a business without a license. He includes the booking sheet from his arrest, which states "Lamon was observed on the property … being a prior business operated and owned by Robert D. Lamon" (*id.*, p. 17). The police took him into custody on August 8, 2005, gave him notice to appear (*id.*, p. 11), then released him. Plaintiff also includes a letter to Sandidge dated January 2005 protesting Sandige's "arbitrary constructive decision" to deny his petition for a business license (*id.*, p. 14).

Plaintiff next accuses Sandidge, the City's administration, Alice Martin, and Jeff Weishaupt of using the false judgments Napp entered to disqualify plaintiff from running for public office and to cause him public embarrassment.

Finally, plaintiff expresses disappointment with the undersigned district judge throughout the amended complaint. He accuses the undersigned of suppressing evidence and committing fraud. He complains that Judge Duff of the circuit court and the undersigned continually dismiss his lawsuits. He objects to the Court's having changed the name of the lawsuit to *Lamon v. Sandidge* and having directed plaintiff to provide an address for Sandidge. He also asserts that the Court has violated due process under the color of law by denying him discovery, a process server, and the right to face his accusers.

## II. ANALYSIS

Plaintiff's amended complaint is not easy to follow and does not set out his legal theories, other than generally alleging violations of due process and equal protection under the Fourteenth Amendment and discrimination under 42 U.S.C. § 1983.[5] The Court construes his potential claims as follows:

1. Napp committed fraud on the court in procuring three judgments against plaintiff in state court,
2. The police did not have probable cause to arrest plaintiff for operating a business without a license,
3. Sandidge, the City administration, Martin, and Weishaupt used the three judgments against plaintiff to disqualify him from running for public office, and
4. Sandidge, the City administration, Martin, and Weishaupt also used the judgments to cause plaintiff public embarrassment.

The Court will briefly return to the last claim at the end of this Memorandum & Order because it appears to fall under state law.

Defendants move to dismiss under Federal Rule of Civil Procedure 12(b) for the following reasons:

1. Plaintiff has filed two previous lawsuits against these defendants arising out of the same facts (res judicata),
2. Plaintiff fails to state a cause of action upon which relief can be granted,
3. Plaintiff's amended complaint does not comply with the Court's previous order of dismissal (Doc. 5),
4. Plaintiff's state-court convictions cannot be contested here, and
5. The City, its officials, Napp, and the Schrempf Law Firm are protected by prosecutorial immunity.

Before turning to defendants' arguments, the Court notes that it does not construe plaintiff to be suing Alice Martin, Jeff Weishaupt, Judge Duff, or the undersigned district judge in this action (despite numerous accusations against the undersigned, *e.g.*, fraud). Plaintiff does not name these

---

[5] Legal theories are not required at the pleading stage. *E.g.*, *Ortiz v. Downey*, 561 F.3d 664, 670 (7th Cir. 2009).

individuals in the title of the complaint or amended complaint, *see* Fed. R. Civ. P. 10(a), nor has he served them with process, *see* Fed. R. Civ. P. 4(k)(1), (l), (m). The various accusations against them are therefore not considered in this Memorandum & Order. And the undersigned does not consider recusal appropriate either. "A judge should hear and decide matters assigned, unless disqualified, and should maintain order and decorum in all judicial proceedings." Code of Conduct for United States Judges, Canon 3A(2). Moreover, the undersigned does not believe his "impartiality might reasonably be questioned" such that recusal would be required under 28 U.S.C. § 455(a). Plaintiff's accusations are based on the Court's rulings, which "alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994); *accord United States v. White*, 582 F.3d 787, 807 (7th Cir. 2009).

In addition, the Court notes that the parties include numerous exhibits with their filings. A Rule 12(b)(6) motion "must be decided solely on the face of the complaint *and* any attachments that accompanied its filing." *Miller v. Herman*, 600 F.3d 726, 733 (7th Cir. 2010) (emphasis added); *accord* Fed. R. Civ. P. 10(c). Otherwise, if matters outside the pleadings are presented to the court on a Rule 12(b)(6) or 12(c) motion, and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. Fed. R. Civ. P. 12(d). In that case the parties "must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d). A narrow exception, however, is that the court may take judicial notice of "matters of public record." *Doss v. Clearwater Title Co.*, 551 F.3d 634, 640 (7th Cir. 2008); *Palay v. United States*, 349 F.3d 418, 425 n.5 (7th Cir. 2003). Accordingly, the Court will consider plaintiff's exhibits (attachments that accompanied the amended complaint's filing) and the court documents included with defendants' motion (matters of public record).

**Subject-Matter Jurisdiction**

A district court must make an independent evaluation of whether subject-matter jurisdiction exists in every case. *Foster v. Hill*, 497 F.3d 695, 696-97 (7th Cir. 2007); *Johnson v. Wattenbarger*, 361 F.3d 991, 992 (7th Cir. 2004). Federal district courts have original jurisdiction of civil actions arising "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Plaintiff brings this action under 42 U.S.C. § 1983, which imposes liability on those who, under color of state law, subject another person to "the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. Section 1983 does not provide a basis for original jurisdiction under § 1331 by itself, however. *Goros v. Cnty. of Cook*, 489 F.3d 857, 859 (7th Cir. 2007); *see also Avila v. Pappas*, 591 F.3d 552, 553 (7th Cir. 2010) ("It is not enough to utter the word 'Constitution' and then present a claim that rests on state law."). Plaintiff here alleges the deprivation of his rights to due process and equal protection under the Fourteenth Amendment.

While failure *on the merits* leads to judgment for the defendant, "some theories are such piffle that they fail even to make out claims arising under federal law, and these must be dismissed for want of jurisdiction." *Goros*, 489 F.3d at 860 (citing *Hagans v. Levine*, 415 U.S. 528, 538 (1974)); *accord Avila*, 591 F.3d at 553. Thus, no matter what the asserted basis of a claim is, the district courts do not have jurisdiction over a suit that is "utterly frivolous," *Carr v. Tillery*, 591 F.3d 909, 917 (7th Cir. 2010), or "wholly insubstantial and frivolous," *Johnson v. Orr*, 551 F.3d 564, 570 (7th Cir. 2008), or "insubstantial in the sense that 'prior decisions inescapably render the claims frivolous,'" *Avila*, 591 F.3d at 553. *See also Bell v. Hood*, 327 U.S. 678, 682–83 (1946); *Jogi v. Voges*, 480 F.3d 822, 825 (7th Cir. 2007); *Ricketts v. Midwest Nat'l Bank*, 874 F.2d 1177, 1180 (7th Cir. 1989) (collecting cases). Nevertheless, a weak case should be decided on the merits rather than be dismissed for lack of jurisdiction. *Carr*, 591 F.3d at 917. And courts should avoid attempting to distinguish degrees of weakness. *Id.*

Here, plaintiff levels four claims, at least one of which must amount to a nonfrivolous federal claim for this court to exercise jurisdiction. *See Carr*, 591 F.3d at 917; *Greater Chi. Combine and Cntr., Inc. v. City of Chi.*, 431 F.3d 1065, 1070 (7th Cir. 2005) (finding subject-matter jurisdiction for entire complaint where one claim was sufficiently plausible). Plaintiff has sued the defendants Sandidge and the City of Alton about his arrest without probable cause[6] twice before, once in 2005 and once in 2008. The 2005 suit included the Alton Police Department. At some point, the repetition of lawsuits will render them utterly frivolous. In *Carr v. Tillery*, the court of appeals found the plaintiff's claims were "weak, indeed feeble," where the only plausible allegations of a RICO violation were barred by res judicata and Illinois' one-refiling rule. 591 F.3d 909, 919 (7th Cir. 2010). Yet res judicata was not an appropriate ground for finding the suit "so frivolous as not to engage the jurisdiction of the federal courts," unless the plaintiff were to continue "filing the same suit over and over again."[7] *Id.* Plaintiff here brings the claim of being arrested without probable cause for a third time. The claim is almost certainly barred by res judicata,[8] and it is weak, but the Court does **NOT FIND** plaintiff has brought it so many times that federal jurisdiction is lost. Moreover, plaintiff is not trying to shoehorn a state-law action into federal court, and this claim is not insubstantial in the sense that prior decisions inescapably render it frivolous. *See Avila*, 591 F.3d at 553. Having decided it has jurisdiction, the Court need not examine the substantiality of the other constitutional claims. *See Greater Chi. Combine*, 431 F.3d at 1070.

---

[6] His state-court complaint calls the arrest "wrongful."

[7] Up to that point, the parties had brought several lawsuits against one another in 2004, all eventually dismissed with prejudice. In 2007, the plaintiff brought four separate suits seeking different claims for relief, but involving most of the same facts as were in the 2004 lawsuits. Plaintiff then dismissed the four suits voluntarily and filed the suit then before the court of appeals. *Id.*

[8] As will be explained later, the Court declines to make a definitive ruling on res judicata grounds.

**Compliance with the Court's Order**

The Court's previous Order dismissing plaintiff's complaint directed him to "more clearly set forth dates and actions of the respective defendants, including how their actions violated his rights" (Doc. 5). Defendant now asserts that plaintiff has not followed the Court's instructions.

"If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). Dismissal for failure to prosecute, however, should be used "'only in extreme situations, when there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailable.'" *Spain v. Bd. of Educ. of Meridian Cmty. Unit Sch. Dist. No. 101*, 214 F.3d 925, 930 (7th Cir. 2000) (quoting *Kruger v. Apfel*, 214 F.3d 784, 787 (7th Cir. 2000)). In *Ball v. City of Chicago*, the Seventh Circuit described several factors that courts should take "full and careful account of" before dismissing a complaint under Rule 41(b) (for instance, the frequency and magnitude of the plaintiff's failures to comply with deadlines for the prosecution of the suit). 2 F.3d 752, 759–60 (7th Cir. 1993).

The Court does **NOT FIND** that dismissal for failure to follow the Court's Order is warranted. Dismissal is reserved for extreme situations, yet defendants do not discuss that standard or the factors in *Ball v. City of Chicago*. So, the Court declines to dismiss the amended complaint for want of prosecution.

**Res Judicata and Statute of Limitations**

Plaintiff has filed at least one previous lawsuit against defendants Sandidge, the City, and the Alton Police Department. The suits were dismissed with prejudice. Defendants suggest that those suits arose out of the same facts that form the basis of this suit and, therefore, that res judicata bars this suit. But they do not explain which claims were raised before, against which defendants, or how the law might preclude the claims here. Similarly, defendants suggest in a perfunctory manner that

the statute of limitations applicable in § 1983 actions bars all plaintiff's claims. They do not cite any facts or dates in the amended complaint or explain which claims might be barred.

The Court's local rules require "citations to relevant legal authority and to the record." *See* SDIL-LR 7.1(d). Consequently, the Court declines to address these arguments.[9] In any event, the Court concludes for the following reasons that plaintiff has failed to state a claim.

**Failure to State a Claim**

Defendants' motion to dismiss for failure to state a claim under Rule 12(b)(6) consists of only two sentences. It does not discuss any of plaintiff's allegations and why they may or may not meet the requirements of Rule 8. And this may be because plaintiff has not given defendants fair notice of his claims.

A motion under Rule 12(b)(6) allows for dismissal for the "failure to state a claim upon which relief can be granted." To state a claim, a pleading need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Yet a "pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Therefore, legal conclusions need not be accepted as true. *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*; *accord Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).

Detailed factual allegations are not required, but the pleading must contain "sufficient factual

---

[9] Further, res judicata is an affirmative defense, Fed. R. Civ. P. 8(c), and should be raised on a motion for judgment on the pleadings under Rule 12(c), *Carr v. Tillery*, 591 F.3d 909, 913 (7th Cir. 2010); *Forty One News, Inc. v. Cnty. of Lake*, 491 F.3d 662, 664 (7th Cir. 2007).

matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570). That is to say, it must be plausible and not merely speculative. *Brooks*, 578 F.3d at 581. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 129 S.Ct. at 1949. "Determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Id.* at 1950 (internal citations and quotations omitted). Ultimately, the pleadings must be sufficient to provide the defendant with fair notice of the claim and its basis. *Indep. Trust Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 934 (7th Cir. 2012); *Brooks*, 578 F.3d at 581 (citing *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)).

The court reviews a motion to dismiss in the light most favorable to the plaintiff, accepts as true all well-pleaded facts alleged, and draws all possible inferences in the plaintiff's favor. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008).

The Court can begin by considering the elements of the cause of action. *See Iqbal*, 129 S.Ct. at 1947. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) "he was deprived of a right secured by the Constitution or laws of the United States," and (2) "the deprivation was visited upon him by a person or persons acting under color of state law." *Buchanan-Moore v. Cnty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Vill. of N. Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)). An action under § 1983 does not allow claims against individuals merely for their supervisory role of others. *Palmer v. Marion Cnty.*, 327 F.3d 588, 594 (7th Cir. 2003). It

11

requires a showing that the defendants were personally involved in the constitutional violation. *Id.* at 593–94; *Iqbal*, 129 S.Ct. at 1948 ("Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."); *Brooks*, 578 F.3d at 580.

Plaintiff here does not show that the Schrempf Law Firm was personally involved in a constitutional violation. His only allegation is that James Schrempf testified he was letting Napp "handle the matter" (presumably, plaintiff's prosecution). According to plaintiff, Schrempf's testimony shows Napp's intent to committ fraud on the court, but that does not state a § 1983 claim against the Schrempf Law Firm. Similarly, a city cannot be liable for the acts of its employees unless the acts were taken pursuant to an official municipal custom, policy, or practice. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Nisenbaum v. Milwaukee Cnty.*, 333 F.3d 804, 808 (7th Cir. 2008); *McTigue v. City of Chi.*, 60 F.3d 381, 382 (7th Cir. 1995). Plaintiff does not allege any custom, policy, or practice of the City that permitted his arrest without probable cause or any of the other alleged constitutional deprivations. Plaintiff therefore has not stated a § 1983 claim against the City either.

The other claims do at least allege personal involvement. Plaintiff asserts that Napp committed fraud on the court when he obtained three judgments against plaintiff in the circuit court. His attached letter accuses Napp of "prosecutorial misconduct." Defendants argue that an allegation of fraud on the court is an attempt to challenge a state criminal conviction, which is barred by the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994). Indeed, if a plaintiff challenges his conviction under § 1983 in a way that implies the invalidity of his conviction or the duration of his sentence, he must prove "that the conviction or sentence has been reversed on direct

appeal, expunged by executive order, declared invalid by by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Heck*, 512 U.S. at 487; *accord Muhammad v. Close*, 540 U.S. 749, 751 (2004); *Jogi v. Voges*, 480 F.3d 822, 836 (7th Cir. 2007). *Heck*, however, only applies to those in ongoing custody. *See Muhammad*, 540 U.S. at 751; *Simpson v. Nickel*, 450 F.3d 404, 306–07 (7th Cir. 2006). Not only have plaintiff's complained-of convictions been vacated, but he was never in custody. So his claim cannot be barred by *Heck*.

But what is the claim exactly? He acknowledges he was never convicted. He also says, though, the court was imposing punishment on him as if the charges were convictions, without saying how he was being punished. He does not indicate whether he was imprisoned or fined. If plaintiff is asserting a violation of due process, that means he was deprived of notice and a hearing. *Goros*, 489 F.3d at 859; *Evers v. Astrue*, 536 F.3d 651, 660 (7th Cir. 2008). Plaintiff had a hearing, though, and succeeded in getting the judgments against him vacated. He was then scheduled to have jury trials. So he has not been deprived of liberty or property without due process.

Defendant also contends that the City, its officials, Napp, and the Schrempf Law Firm are protected from liability by prosecutorial immunity, citing *Imbler v. Pachtman*, 424 U.S. 409 (1976). It is true that prosecutors' actions taken in furtherance of their prosecutorial duties are absolutely immune from suit. *Fields v. Wharrie*, No. 11-2035, 2012 WL 614714, at *3 (7th Cir. Feb. 28, 2012) (citing *Imbler*, 424 U.S. at 410). But "the degree of immunity prosecutors are afforded depends on their activity in a particular case." *Anderson v. Simon*, 217 F.3d 472, 475 (7th Cir. 2000); *accord Fields*, 2012 WL 614714, at *3 ("Whether or not an action falls within the scope of his prosecutorial duties depends upon its function."). An activity is in furtherance of prosecutorial duties when it is

13

"intimately associated with the judicial phase of the criminal process." *Imbler*, 424 U.S. at 430; *accord Fields*, 2012 WL 614714, at *3. Here, defendants do not discuss whether Napp's activity was in furtherance of his prosecutorial duties. Even so, the particular allegation that Napp obtained judgments against plaintiff is action intimately associated with the judicial phase of the criminal process. *See Freeman v. Gray*, 303 Fed. App'x 358, 361 (7th Cir. 2008) (finding *charging*, *instituting actions*, and *convicting* are intimately associated with the judicial phase of the criminal process). Therefore, he is entitled to absolute immunity, and plaintiff fails to state a claim against Napp upon which relief can be granted.

As a final note on this claim, "fraud on the court" is a legal conclusion that can be ignored. *See Iqbal*, 129 S.Ct. at 1949; *Brooks*, 578 F.3d at 581. Beyond that, plaintiff does not plead sufficient factual matter to state a claim for relief that is plausible on its face. The judgments were vacated—but not due to fraud or misconduct. Rather, the court found it did not have authority to enter the previous orders because of plaintiff's jury demand. Schrempf's testimony does not suggest any wrongdoing on Napp's part; it is consistent with lawful conduct, namely, allowing Napp to handle his own case. *See Brooks*, 578 F.3d at 581. Plaintiff does not point to any false statement or conduct by Napp that would make this claim plausible.

Plaintiff also accuses Sandidge of using the false (vacated) judgments to disqualify plaintiff from running for public office. Earlier in the complaint plaintiff says he is a member of a protected group and that white men have discriminated against him, so the Court construes this claim to be an alleged violation of the Equal Protection Clause of the Fourteenth Amendment. The Equal Protection Clause forbids a state to "deny to any person within its jurisdiction the equal protection of the laws." U.S. CONST. amend. XIV, § 1. A violation of equal protection can occur when a person is subjected to disparate treatment based on his membership in a "suspect class," such as race. *Srail v. Vill. of*

*Lisle, Ill.*, 588 F.3d 940, 943 (7th Cir. 2009); *see also Martin v. Shawano-Gresham Sch. Dist.*, 295 F.3d 701, 712 (7th Cir. 2002). A law that classifies based on a suspect class, such as race or national origin, is subject to strict scrutiny and will be sustained only if the law is "suitably tailored to serve a compelling state interest." *City of Cleburne, Tex. v. Cleburne Living Cntr.*, 473 U.S. 432, 440 (1985); *accord Srail*, 588 F.3d at 943; *Martin*, 295 F.3d at 712. Plaintiff alleges he is a member of a protected group, but nothing more. He does not identify a law, rule, or ordinance that creates a classification or that is being enforced in a discriminatory manner. *See Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). He does not give any evidence of discriminatory motive on the part of Sandidge. Plaintiff does not allege sufficient factual matter here. What office was plaintiff hoping to run for? How was he disqualified? Without *some* facts to lend plausibility to this claim, it fails to give Sandidge fair notice of what it is and its basis. Plaintiff therefore fails to state a claim upon which relief can be granted.

Next, plaintiff again accuses the police of arresting him without probable cause for operating a business without a license. The allegation he was arrested without probable cause is a legal conclusion that can be ignored. *See Freeman v. Gray*, 303 Fed. App'x 358, 362 (7th Cir. 2008) (calling allegation of arrest without probable cause a "naked legal conclusion"). The remainder of this claim is not plausible without additional factual support. Plaintiff's letter to Sandidge, dated January 2005, protests Sandidge's decision to deny him a business license. Plaintiff does not say whether he ever obtained one. Then he was arrested in August 2005. The booking sheet says he was observed on property where he had owned and operated a business before. But plaintiff does not actually describe the circumstances of the arrest. Consequently, the Court cannot make the reasonable inference that the police are liable for arresting him without probable cause.[10]

---

[10] The Seventh Circuit has advised the res judicata should not be decided on a motion to dismiss, but here it apparent, based on his complaint and the public record, that plaintiff is raising the same claim he raised in 2005 against the Alton Police Department, and on which there was a final judgment. *See Lamon v. Sandidge*, 232 Fed. App'x 592, 594 (7th Cir. 2007); (Docs. 23 & 28, Case No. 05-CV-745).

Plaintiff's last potential claim, public embarrassment from the publication of the judgments again plaintiff, is not a federal claim, *see Avila*, 591 F.3d at 554 (reputation is not a liberty or property interest), although embarrassment and humiliation could constitute damages in an otherwise proper § 1983 action, *see Horina v. City of Granity City, Ill.*, 538 F.3d 624, 637–38 (7th Cir. 2008). If there is a claim here, it would be under state law. The Court declines to exercise supplemental jurisdiction. *See* 28 U.S.C. § 1367(c)(3).

**Sanctions**

Finally, defendants ask the Court to enter sanctions against plaintiff for filing lawsuits against the same defendants based on the same facts. Again, however, the sparseness of defendants' request discourages the Court from granting it. Defendants say plaintiff has filed "a series of lawsuits" against "the same defendants." True, this is the third lawsuit plaintiff has filed against Sandidge and the City, but other defendants (Napp, for instance) are new. And plaintiff's claim about running for public office is new. Defendants leave out those details and do not cite legal authority. The request for sanctions is therefore **DENIED**.

### III. CONCLUSION

The Court **GRANTS IN PART AND DENIES IN PART** defendants' motion to dismiss (Doc. 19). This action is **DISMISSED WITH PREJUDICE**. Each party shall bear its own costs. Defendants' request for sanctions is **DENIED**. The Court declines to exercise jurisdiction over the potential state-law claim.

**IT IS SO ORDERED.**

**DATED:  March 30, 2012**

      /s/   WILLIAM D. STIEHL
            **DISTRICT JUDGE**